# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

═══════════════
## NO. 03-04-00809-CV
═══════════════

### In the Matter of C. J. M.

═══════════════════════════════════════════════════════════════════════════
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. J-22,496, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING
═══════════════════════════════════════════════════════════════════════════

## M E M O R A N D U M   O P I N I O N

C. J. M. appeals from the juvenile court's order committing her to the custody of the Texas Youth Commission pursuant to section 54.04 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 54.04 (West Supp. 2005). In her sole point of error, C. J. M. contends the evidence is legally and factually insufficient to support the trial court's commitment order. Because we find that the evidence is sufficient, we affirm the trial court's order committing C. J. M. to the Texas Youth Commission.

On October 25, 2004, the State filed its original petition against C. J. M., alleging that on or about October 18, 2004, C. J. M. committed the misdemeanor offense of evading arrest. *See* Tex. Pen. Code Ann. § 38.04 (West 2003). At an adjudication hearing on October 28, 2004, C. J. M. pleaded "true" to the State's allegations that she evaded arrest. At a disposition hearing on November 1, the court heard evidence concerning the appropriate disposition.

C. J. M.'s probation officer testified and the court, upon consent of both counsel, took judicial notice of the probation report describing C. J. M.'s previous involvement with the juvenile justice system. In six prior referrals to the juvenile court that included assault, violation of court orders, evading detention, and failure to identify, the report reflected that five of the referrals resulted in dispositions in which C. J. M. was placed on probation or the probation was modified. The record reflects that C. J. M. was originally placed on probation on March 12, 2003, for an assault occurring on October 28, 2002. She was placed on probation again in April 2004 for evading arrest on March 19, 2004. At the time of her current arrest, she was on probation until April 8, 2005. According to the report, one referral of violation of a court order was dismissed. The report also stated that C. J. M. was eligible to be committed to the Texas Youth Commission if she was adjudicated either on a motion to modify her current probation or on a new offense. Neither counsel objected to any aspect of the report.

On appeal, C. J. M. challenges the commitment order, claiming that the evidence was insufficient to show she had any prior adjudications and was therefore eligible for commitment. She urges that the trial court abused its discretion in committing her to the Texas Youth Commission because it was not a permissible option. *See* Tex. Fam. Code Ann. § 54.04. We disagree. After a review of the record, we conclude that the commitment order satisfies the statutory criteria.

The family code provides that a disposition may be made by committing a child to the Texas Youth Commission if there is evidence showing that the child engaged in delinquent conduct constituting a felony offense or has successive misdemeanor adjudications. *Id.*

2

§ 54.04(d)(2), (s), (t). Section 54.04(s) provides that the court may commit the child to the Texas Youth Commission for conduct that violates a penal law of the grade of misdemeanor if:

(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of misdemeanor on at least two prior occasions;

(2) of the previous adjudications, the conduct that was the basis for one of the adjudications occurred after the date of another previous adjudication; and

(3) the conduct that is the basis of the current adjudication occurred after the date of at least two previous adjudications.

*Id*. § 54.04(s). Thus, the family code limits when a juvenile who engages in misdemeanor delinquent conduct, as here, may be committed to the Texas Youth Commission. For the commission of a misdemeanor to result in commitment, the juvenile must have two earlier misdemeanor adjudications, the conduct on which a later adjudication is based must have occurred after an earlier adjudication, and the conduct that is the basis for the current adjudication must have occurred after the date of two prior adjudications. *Id*.

In the current proceeding, C. J. M. was adjudicated delinquent on October 28, 2004, for the misdemeanor offense of evading arrest, which occurred on October 18, 2004. *See* Tex. Pen. Code Ann. § 38.04. Because (i) C. J. M. had been adjudicated delinquent on at least two previous occasions for offenses at least at the misdemeanor level before the current adjudication, (ii) of the previous adjudications, the conduct of a later offense clearly occurred after a previous adjudication, and (iii) the conduct that is the basis of the current adjudication occurred after the dates of two prior adjudications, the statutory criteria are satisfied. *See* Tex. Fam. Code Ann. § 54.04(s).

3

We overrule C. J. M.'s sole point of error and affirm the order of the juvenile court committing C. J. M. to the care, custody and control of the Texas Youth Commission.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   January 12, 2006